246 F.Supp. 454 (1965)
Phoebe R. HERWEG, in behalf of herself and all other citizens and electors of the State of Montana, Plaintiffs,
v.
The THIRTY NINTH LEGISLATIVE ASSEMBLY OF the STATE OF MONTANA, Tim M. Babcock as Governor of the State of Montana, and Frank Murray, as Secretary of State of the State of Montana, Defendants.
No. 1214.
United States District Court D. Montana.
August 6, 1965.
*455 A. L. Libra, Helena, Mont., for plaintiff.
Forrest H. Anderson, Atty. Gen., Nicholas A. Rotering, Alfred B. Coate, Donald A. Garrity, Donald A. Douglas, Arthur W. Ayers, Jr., Charles M. Joslyn, William G. Sternhagen, Asst. Attys. Gen., Helena, Mont., for defendants.
Gordon R. Bennett, Helena, Mont., John C. Sheehy, Pro Se, Billings, Mont., amici curiæ.
*456 Before POPE, Circuit Judge, and MURRAY and JAMESON, District Judges.
PER CURIAM.

FINDINGS, CONCLUSIONS AND DECREE
This is an action brought by Phoebe R. Herweg as plaintiff in behalf of herself and all citizens and electors of the State of Montana against the defendants above named. The purpose of the action was to compel compliance, by the officials of the State of Montana, with the requirements of the Equal Protection Clause of the Federal Constitution in respect to apportionment of the seats in the two Houses of the Montana Legislature as outlined in the decisions of the Supreme Court of the United States in Reynolds v. Sims, 377 U.S. 533, 84 S.Ct. 1362, 12 L.Ed.2d 506; Lucas v. Colorado Gen. Assembly, 377 U.S. 713, 84 S.Ct. 1459, 12 L.Ed.2d 632, and other similar decisions.
It is alleged in the complaint that by virtue of certain provisions of the Montana Constitution members of the State Senate are elected upon a purely geographical basis without regard to population of the various senatorial election districts, since said constitutional provisions and certain provisions of the State statutes provide that each county within the State is entitled to elect one senator and only one senator, without regard to the wide differences in population of such counties.
It is also alleged that members of the House of Representatives of the State Legislature are elected upon a combined geographical and population basis and that as apportionment of said representatives is provided in the Constitution and statutes of the State, each county is entitled to at least one member of the House of Representatives. In consequence of the limited numbers of members permitted to be elected in the more populous counties the House of Representatives has been apportioned in a manner violative of the requirements of the Fourteenth Amendment to the Constitution of the United States as expounded in the decisions of the Supreme Court above referred to. It is asserted that in consequence of the constitutional and legislative provisions of the State of Montana, aforesaid, the apportionment system for both Houses of its Legislative Assembly accomplished an invidious discrimination against the more populous counties and sections of the State.
The defendants appeared by an answer which in effect admitted all the allegations of the complaint and upon a pretrial hearing herein, it was stipulated that all essential facts herein have been disposed of by admission in defendants' answer or by being judicially noticed, and that the only issues of law remaining to be litigated upon the trial were the validity of the Montana constitutional and statutory provisions alleged in the complaint to be in conflict with the Fourteenth Amendment of the Constitution of the United States and the remedy to be ordered by the Court.
The pretrial order (dated May 24, 1965) further ordered the amendment of the complaint to disclose that the 39th Legislative Assembly of the State of Montana had full opportunity during its biennial session in the months of January, February and March, 1965, to enact a valid plan of reapportionment but that said session had been adjourned sine die, and at said session said Legislative Assembly had failed, neglected and refused to enact into law any plan of reapportionment.
By said pretrial order the complaint was further ordered amended to include a prayer that in view of the failure of said Legislative Assembly to perform its duty to reapportion itself, this court order into effect a temporary and provisional plan of apportionment of both Houses of the Legislative Assembly for use and application for the 1966 elections, and also a prayer for a judgment declaring vacant all state legislative offices including those of hold-over senators (but not including the Lieutenant Governor).
Pursuant to the pretrial order briefs of sundry persons, as friends of the *457 court, were presented to and received by the court and the court was furnished copies of sundry proposed bills introduced in the two Houses of the 39th Legislative Assembly purporting to provide for a reapportionment of said Legislature, but none of which were enacted into law during the 1965 Legislative Assembly which terminated in March, 1965. The court also received memoranda disclosing the votes and action taken in the two Houses of the Legislature upon said bills and also copies of the debate in the House of Representatives in respect thereto.
The said cause came on for hearing upon the issues specified in the pretrial order on the 7th day of July, 1965, at which time the court heard from counsel for the respective parties and the cause was submitted to the court for findings and determination. The court finds as follows:

I
As presently constituted the membership of the Thirty Ninth Legislative Assembly of the State of Montana is, in the light of the population of the various counties of the State as disclosed by the 1960 census, and by virtue of the Constitutional and legislative provisions hereafter named, apportioned among the counties of the State in such manner as to bring about an invidious and unconstitutional discrimination against the majority of the voters of the State and against those subdivisions of the State containing the greater portion of the population of the State. Such discrimination prevails both in respect to the Senate and in respect to the House of Representatives.
Article VI of the State Constitution provides in Section 5 that each of the then sixteen counties of the State, existing at the time of the adoption of said Constitution, should be entitled to one senator, and provides in Section 4 that each new county created shall be entitled to one senator, but in no case shall a senatorial district consist of more than one county. Such Constitution, Article V, Section 4, provides that there shall be no more than one senator from each county. As there are presently fifty-six counties in the State, each of which elects one senator, but no more than one, and since the population of such counties, as disclosed by the 1960 census, ranges all the way from 894 (Petroleum County) to 79,016 (Yellowstone County) it is apparent that members of such Senate are apportioned and elected upon a purely geographical basis, without regard to population, and thus has been accomplished the invidious discrimination aforesaid.
By virtue of the provisions of Sections 43-103, 43-104 and 43-105 of the Revised Codes of Montana, 1947, members of the House of Representatives of the Montana Legislative Assembly are elected upon a combined geographical and population basis. Under such sections, each county of the State is entitled to at least one representative, regardless of population. While some counties having larger population are permitted to elect more than one representative, the net effect of the apportionment made by the statutory sections last mentioned is to accomplish an invidious discrimination against the more populous counties and their electors. Thus Petroleum County, population 894, Garfield County, population 1981, Golden Valley County, population 1203, and Treasure County, population 1345, each have one representative, while Yellowstone County, population 79,016, and Cascade County, population 73,418, each have but nine Representatives, and Missoula County, population 44,663, and Silver Bow County, population 46,454, each have but five Representatives. In consequence the electors in the forty-six least populated counties of the State, having a population of 289,780 persons out of a total state population of 674,720, that is to say approximately 40 per cent of the total, are able to elect a majority of the members of the House of Representatives of the State.

II
This action was filed on January 7, 1965. Thereafter, following a motion by the defendants to dismiss or to stay the *458 action, this court, on the 13th day of January, 1965, and while the defendant Legislative Assembly was in session, made its order to the effect that it would not take any steps toward hearing this cause until such time as the State Legislature should have had an opportunity to take appropriate action designed to put into effect a state legislative apportionment scheme which would measure up to the requirements of the Equal Protection Clause of the Fourteenth Amendment to the Constitution of the United States as expounded in the Supreme Court decisions previously mentioned.
In that order this court noted that while the presently existing mode of apportioning the members of such legislature was manifestly void and unconstitutional, yet the task of providing a plan for legislative reapportionment was one appropriately for a legislative body, and we noted that the Legislature, by reason of the invalidity of the State constitutional provisions above mentioned, had the inherent power to enact such reapportionment. Notice was given that if the Legislature then in session neglected to perform the essential task of reapportionment, this Court could itself order a temporary system of apportionment to be imposed upon the State and to be continued until the Legislature itself enacts a valid reapportionment plan.
Notwithstanding the fact that it should have been obvious to all members of the Legislative Assembly then sitting in its 1965 session that the decisions of the Supreme Court made reapportionment mandatory, and notwithstanding the warnings contained in the order of this court dated January 13, 1965, the said Legislative Assembly wholly failed to perform its duty in this respect although a substantial number of bills designed to accomplish reapportionment were introduced and proposed in each House. The debates in the House of Representatives which were furnished to this court, as aforesaid, further disclosed a failure of understanding on the part of the members of said House of Representatives of the rules and principles required to be enacted into law to satisfy the requirements of the Fourteenth Amendment.
It is the duty of the court to carry out the suggestion made in its order and to order into effect a reapportionment of both Houses of the Montana Legislature for the purposes of the 1966 primary and general elections, and for such further elections that may follow until such time as the Legislature itself may adopt a different and valid plan for reapportionment.

III
An appropriate and validly apportioned Legislative Assembly elected in the year 1966 would consist of 55 senators elected from 31 senatorial districts and 104 representatives elected from 38 representative districts. The senatorial and representative districts hereinafter set forth and described will meet as near as may be the requirements of the Fourteenth Amendment to the Constitution of the United States as interpreted in the decisions aforesaid, and the same should be established and put into effect as a temporary and provisional reapportionment of the Legislative Assembly of the State of Montana.
This finding is based upon the United States census figures for the year 1960 which disclosed the total State population in that year of 674,720. The said census further discloses the population in each county in the State. This court takes judicial notice of the fact, and so finds, that no substantial change in population either in the State as a whole, or in the various counties thereof, has occurred between 1960 and the date of these findings.
An ideal apportionment, for a Senate of 55 senators, would provide for one senator for each 12,268 persons, and an ideal apportionment for a House of Representatives of 104 members would provide for one representative for each 6,489 persons.
An appropriate reapportionment of the members of the Senate would provide for the establishment of the following senatorial *459 districts each electing the number of senators indicated opposite the district numbers and composed of the county or counties also listed. The following tabulation indicates the population per senator accomplished by the said apportionment in each senatorial district. The tabulation aforesaid is as follows:

 55 Senators  Per Senator, Average 12,268
Senatorial
District Number of District Consists of Population
Number Senators County or Counties Per Senator
------------------------------------------------------------------------------
 1 1 Carter, Fallon, Wibaux
 Prairie 10,506
 2 1 Dawson 12,314
 3 1 Richland and McCone 13,825
 4 1 Roosevelt 11,731
 5 2 Valley, Daniels, Sheridan 13,649
 6 1 Rosebud, Treasure, Garfield,
 Petroleum 10,407
 7 1 Custer 13,227
 8 1 Big Horn & Powder River 12,492
 9 6 Yellowstone 13,169
 10 1 Phillips, Blaine 14,118
 11 1 Fergus 14,018
 12 1 Musselshell, Golden Valley,
 Wheatland, Sweetgrass 12,407
 13 1 Carbon, Stillwater 13,843
 14 1 Park 13,168
 15 2 Gallatin 13,022
 16 1 Jefferson, Broadwater,
 Meagher 9,717
 17 1 Chouteau, Judith Basin 10,433
 18 6 Cascade 12,236
 19 2 Hill, Liberty 10,639
 20 2 Toole, Pondera, Teton 11,426
 21 2 Lewis and Clark 14,003
 22 2 Deer Lodge, Powell,
 Granite 12,821
 23 4 Silver Bow 11,613
 24 1 Beaverhead, Madison 12,405
 25 1 Ravalli 12,341
 26 4 Missoula 11,166
 27 1 Sanders, Mineral 9,917
 28 1 Lake 13,104
 29 1 Glacier 11,565
 30 3 Flathead 10,988
 31 1 Lincoln 12,537

An appropriate and valid reapportionment of the House of Representatives of said Legislative Assembly would be composed of the following indicated representative districts, numbered as follows, each entitled to the number of representatives indicated opposite the number of the district and composed of the county *460 or counties indicated. The resultant population per representative is also disclosed upon said tabulation. The tabulation aforesaid is as follows:

 104 REPRESENTATIVES  AVERAGE 6489
Representative Number District Consists Population Per
District of of County Representative
Number Representatives or Counties
-------------------------------------------------------------------------------
 1 2 Carter, Fallon, Wibaux
 and Prairie 5253
 2 2 Dawson 6157
 3 2 Richland and McCone 6913
 4 2 Roosevelt 5865
 5A 1 Sheridan 6458
 5B 3 Valley, Daniels 6945
 6 2 Rosebud, Treasure,
 Garfield and Petroleum 5204
 7 2 Custer 6614
 8 2 Big Horn and Powder
 River 6246
 9 12 Yellowstone 6584
 10A 1 Phillips 6027
 10B 1 Blaine 8091
 11 2 Fergus 7009
 12A 1 Musselshell and Golden
 Valley 6091
 12B 1 Wheatland and Sweet
 Grass 6316
 13 2 Carbon and Stillwater 6922
 14 2 Park 6584
 15 4 Gallatin 6511
 16 2 Jefferson, Broadwater and
 Meagher 4858
 17 2 Chouteau and Judith
 Basin 5217
 18 11 Cascade 6674
 19 3 Hill and Liberty 7092
 20A 1 Toole 7904
 20B 1 Pondera 7653
 20C 1 Teton 7295
 21 4 Lewis & Clark 7001
 22A 1 Powell 7002
 22B 3 Deer Lodge and
 Granite 7218
 23 7 Silver Bow 6635
 24A 1 Beaverhead 7194
 24B 1 Madison 5211
 25 2 Ravalli 6170
 26 7 Missoula 6380
 27 2 Sanders and Mineral 4953
 28 2 Lake 6552
 29 2 Glacier 5783
 30 5 Flathead 6593
 31 2 Lincoln 6268

*461 The court concludes:
1. That the aforesaid State constitutional and legislative provisions are each and all of them void and of no effect in consequence of their provision for a legislative system of apportionment which is in violation of the Fourteenth Amendment to the Constitution of the United States as construed and interpreted in the decisions of the Supreme Court above referred to.
2. That all present members of both Houses of the Thirty Ninth Legislative Assembly of the State of Montana were elected under and pursuant to void and unconstitutional provisions of the Constitution and laws of the State of Montana, and that none of said members, regardless of the term for which they purported to be elected, may hold office or be recognized as a member of said Legislature after the 31st day of December, 1966.
3. That the court is authorized and empowered to order into effect a reapportionment of both Houses of the Montana Legislature for the purposes of the 1966 primary and general elections by establishing the number of senatorial and representative districts to be represented by the number of senators and representatives set forth in the aforesaid tabulations and to be composed of the county or counties thereunder stated; and that said reapportionment, aforesaid, shall continue to be in force thereafter for all elections of members in said Legislature until such time as a properly elected Legislative Assembly, elected pursuant to the reapportionment herein decreed, shall have provided a different valid reapportionment.
4. That while, as aforesaid, all of Section 4 of Article VI is void and invalid, including the provision that "in no case shall a senatorial district consist of more than one county", (recognition and enforcement of this quoted language in a reapportionment plan would require a state senate of approximately 754 members, a manifest absurdity), yet we find and conclude that the provision of Section 3 of said Article VI that "[n]o county shall be divided in the formation of representative districts" is valid and unaffected by any requirements of the said Fourteenth Amendment and should be and has been respected by this court in its plan for reapportionment.
5. That for the purpose of carrying out effectively the provisions of the State Constitution that senators shall be elected for the term of four years, and that they shall be divided into two classes, with terms concluding in alternate biennials, the court directs that after all 55 senators shall have been elected in the year 1966 pursuant to the reapportionment plan herein provided for, the senators elected in each district entitled to and having more than one senator shall, pursuant to the regulations to be promulgated by the Secretary of State, draw lots for the purpose of determining which of said elected senators of said district shall serve for four years and which shall serve for two years to the end that in each said district one-half of the senators, as near as may be, shall serve for four years and one-half for two years; provided, however, that in Flathead County the three senators there elected shall draw lots to determine which of the three shall be placed in a list of senators from counties entitled to but one senator and to be subject to the drawing hereafter mentioned. The remaining two senators from Flathead County shall themselves draw lots to determine which of the two shall serve for four years and which for two years. The names of all other elected senators, including the one from Flathead County, aforesaid, shall be placed in a receptacle from which the Secretary of State shall draw by lot eleven (11) names and the senators whose names are thus drawn shall serve for four years, and the remainder, not drawn, shall serve for two years.

*462 DECREE
By reason of the foregoing findings and conclusions it is ordered, adjudged and decreed as follows:
That Sections 4 and 5 of Article VI of the Montana Constitution, and that portion of Article V of such Constitution which provides that "[T]here shall be no more than one senator from each county", and Sections 43-101, 43-102, 43-103, 43-104, and 43-105, of the Revised Codes of Montana of 1947, are each and all of them void and unconstitutional and in violation of the Equal Protection Clause of the Fourteenth Amendment to the Constitution of the United States, and the defendants herein are perpetually enjoined from in any manner enforcing or recognizing the same and from conforming thereto, and no Legislative Assembly of the State of Montana shall hereafter be elected or constituted as provided in such Sections.
That the defendants are enjoined from proclaiming, certifying or conducting any election of members of the Legislative Assembly in any manner other than as set forth in the findings and conclusions herein; and in particular, all election proclamations by the Governor as provided in §§ 23-103 and 23-104 of the Revised Codes of Montana of 1947 shall, in respect to offices of senator and representative in the State Legislative Assembly, state and specify the offices and senatorial and representative districts hereinbefore set forth and described as offices to be filled and the defendants are enjoined from making any proclamation inconsistent with this direction.
Petitions for nomination to offices and positions hereinbefore referred to, regardless of whether the office sought is to be voted for in one county or in more than one county, shall be filed with the Secretary of State in the manner provided in § 23-910 of the Revised Codes of Montana of 1947. Abstracts of votes given in each county for any candidate for senator or representative shall be transmitted to the Secretary of State in the manner provided in § 23-922 of the Revised Codes of Montana of 1947, whether the senatorial or representative district be composed of one county or of more than one county, and certificates of nomination of said candidates shall be issued in the manner in that section provided.
Abstracts showing the votes cast for any of such offices upon the general election shall be transmitted to the Secretary of State in the manner described in §§ 23-1812 and 23-1813 of the Revised Codes of Montana 1947, and the returns of said electors shall be canvassed, and commissions issued, in the manner provided in §§ 23-1814 and 23-1816 of said Revised Codes.
It is further ordered, adjudged and decreed that all members of the Senate and of the House of Representatives of the Montana Legislative Assembly to serve following the primary and general elections in the year 1966, shall be elected in the numbers and from the senatorial and representative districts set forth in the foregoing findings and conclusions and in this decree. It is further decreed that the terms of senators shall be established as herein provided, and not otherwise.
It is further ordered, adjudged and decreed that the foregoing reapportionment of both Houses of the Montana Legislature, together with the directions and requirements relating thereto, is ordered into effect for the purposes hereinbefore stated. The defendants herein, and all those acting by and under their authority and pursuant to the proclamations and directions by them made, are hereby ordered and directed to accept filings and conduct elections in accordance with the provisions of this decree, and they are hereby enjoined and restrained from accepting filings or conducting elections in any manner inconsistent with the provisions of this decree.
It is further ordered, adjudged and decreed that this court does and and shall retain jurisdiction of this cause until after said Legislative Assembly to be elected, as aforesaid, in 1966, shall have *463 taken office and shall have concluded its first biennial session, for the purpose of adjudging and passing upon the validity of any plan of reapportionment enacted by such Fortieth Legislative Assembly and to compel compliance with the said Equal Protection Clause. Should said Legislative Assembly fail to make any such enactment, the court will then decide and determine whether protection of the public interest shall require any further retention of jurisdiction in this cause.